UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELLE D. DAVIS,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Defendant.

C21-645 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion to compel discovery, docket no. 15, is GRANTED in part and STRICKEN as moot in part as follows:

(a) The Court GRANTS Plaintiff's request to conduct two depositions for her breach of fiduciary duty claim. Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff asserts two claims under the statute: (1) that Defendant wrongfully terminated her benefits, *see* 29 U.S.C. § 1132(a)(1)(B), and (2) breach of fiduciary duty, *see* 29 U.S.C. § 1132(a)(3). Compl. at ¶¶ 5.3 & 5.8 (docket no. 1). Plaintiff seeks equitable remedies for Defendant's alleged breach of fiduciary duty, such as an "injunction requiring Prudential to properly train its claims department on the use of the Mental Health limitation contained in the policy." Mot. to Compel Disc. (docket no. 15 at 4). Plaintiffs challenging a denial of benefits are ordinarily restricted to the administrative record, however, limited discovery may be permitted when a plaintiff alleges a breach of fiduciary duty under Section 1132(a)(3). *See Guenther v. Lockheed Martin Corp.*, 646 Fed. Appx. 567, 670 (9th Cir. 2016); *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 389 (W.D. Wash. 2017); *McNelis v. Prudential Ins. Co.*, No. 2:19-cv-01590-RAJ, 2020 WL 5038745, at *2 (W.D. Wash.

MINUTE ORDER - 1

Aug. 26, 2020); *Cherry v. Prudential Ins. Co.*, No. C21-27 MJP, 2021 WL 2662183 (W.D. Wash. June 29, 2021).  Here, Plaintiff seeks to depose claims handlers who reviewed her claim "as they are in the best position to answer questions related to how Prudential reviews evidence and applies the mental health limitation found in the policy." Reply (docket no. 19 at 1).  Defendant proposes that Plaintiff conduct one deposition of a Rule 30(b)(6) designee.  Resp. to Mot. to Compel Disc. (docket no. 18 at 4).  The Court concludes that limited discovery is appropriate on Plaintiff's Section 1132(a)(3) claim.  The depositions are relevant and proportional to the needs of the case based on Plaintiff's justification for the depositions and the equitable relief requested.  The Court GRANTS Plaintiff's motion to compel two depositions of Plaintiff's choosing, one of which may include a Rule 30(b)(6) designee.

(b)   The Court STRIKES as moot Plaintiff's request for an order compelling Defendant to respond to interrogatories and requests for production because Defendant has agreed to answer Plaintiff's written discovery.  Resp. to Mot. to Compel Disc. (docket no. 18 at 3–4).

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of October, 2021.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2